UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHANIE MARTINEZ,

    **Plaintiff,**

v.

    CASE NO.: 8:17-cv-02144-MSS-TGW

B & R, LLC, a Florida Limited Liability Company,

    **Defendant.**

_____/

## SETTLEMENT AGREEMENT AND FLSA RELEASE

This SETTLEMENT AGREEMENT AND FLSA RELEASE ("Agreement") is made by and between STEPHANIE MARTINEZ ("Plaintiff") and B & R, LLC ("Defendant").

WHEREAS, Plaintiff instituted the above-referenced action against Defendant and the case is currently pending in the United States District Court for the Middle District of Florida, Tampa Division; and

WHEREAS, Defendant denies liability herein and any wrongdoing with respect to Plaintiff; and

WHEREAS, Plaintiff and Defendant wish to avoid litigation and settle and resolve the controversy between them amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned parties that the above-entitled matter is hereby resolved as follows:

1. **RECITALS**. The foregoing recitals are true and correct and are incorporated herein by this reference.

### 2. RELEASE OF FLSA/WAGE CLAIMS.

a. This Agreement shall constitute a waiver and release of all claims Plaintiff might have under the Fair Labor Standards Act or applicable Florida wage law against Releasees [as defined in paragraph 2(c) below] for unpaid wages and/or overtime compensation, liquidated damages, and attorneys' fees.

b. Plaintiff shall take all steps necessary (including seeking Court approval) to withdraw, in writing and with prejudice, any and all actions, claims or proceedings that she has filed against Defendant or its related entities for violations of the Fair Labor Standards Act or applicable Florida wage law seeking unpaid wages and/or overtime compensation, liquidated damages, or attorneys' fees. Specifically, upon execution of this Agreement, the parties shall file a mutually agreed-upon Joint Motion for Approval of FLSA Settlement with the Court.

c. Plaintiff hereby knowingly and voluntarily releases and forever discharges Defendant, B & R, LLC, together with its parents, predecessors, successors, assigns, subsidiaries, affiliates, and insurers, and its past, present, and future directors, officers, shareholders, members, employees, agents, insurers and attorneys, both individually and in their capacities as directors, officers, shareholders, members, employees, agents, insurers or attorneys (collectively "**Releasees**"), from any and all claims of unpaid wages, overtime compensation, liquidated damages, or attorneys' fees under the Fair Labor Standards Act of 1938, as amended (FLSA), and applicable Florida wage law.

### 3. CONSIDERATION.

a. If (1) Plaintiff delivers to Defendant's counsel an executed original of this Agreement, a W-4 form executed by Plaintiff, and W-9 forms executed by Plaintiff and Plaintiff's counsel; and (2) the Court approves this settlement and enters an Order dismissing the above-referenced case with prejudice, then, in consideration of the matters set forth herein, Defendant shall pay to Plaintiff the total sum of <u>Eleven Thousand Dollars and Zero Cents ($11,000.00)</u> ("Settlement Sum"). Such Settlement Sum shall be allocated as follows and delivered to RICHARD CELLER LEGAL, P.A. within twenty (20) business days of the court approving this settlement:

- <u>$3,500.00</u>, made payable to STEPHANIE MARTINEZ, as and for wages allegedly due her, which amount shall be subject to deductions and withholdings and for which an IRS Form W-2 shall issue to Stephanie Martinez; and

- <u>$3,500.00</u>, made payable to STEPHANIE MARTINEZ, as and for liquidated damages, which amount shall *not* be subject to deductions or withholding and for which an IRS Form 1099 shall issue to Stephanie Martinez; and

- $4,000.00, made payable to RICHARD CELLER LEGAL, P.A. as attorneys' fees and costs and for which an IRS Form 1099 shall issue to RICHARD CELLER LEGAL, P.A.

Plaintiff understands and acknowledges that she would not receive the payments specified in this paragraph, except for her execution of this Agreement, including the limited Release contained herein, and her fulfillment of the promises contained herein.

      b.     Defendant makes no representations as to the taxability of the amounts paid to Plaintiff or her attorney. Plaintiff agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement. Moreover, Plaintiff agrees to indemnify Defendant and hold it harmless from any interest, taxes, or penalties assessed against it by any governmental agency as a result of the non-payment of taxes by Plaintiff on any amounts paid to Plaintiff or her attorney under the terms of this Agreement.

      c.     The parties have fully considered Medicare's interests, pursuant to the Medicare Secondary Payer rules, and in doing so, Plaintiff has declared that her claim does not involve any illness, injury, incident, or accident in which medical expenses were incurred.

4. **AFFIRMATIONS**.

      a.     Plaintiff affirms that she has not filed, caused to be filed, or presently is a party to any claim, complaint, or action against any of the Releasees under the Fair Labor Standards Act or applicable Florida wage law in any forum or form, except this lawsuit (Case No. 8:17-cv-02144-MSS-TGW).

      b.     Plaintiff further affirms that she has reported all hours worked as of the date of this Agreement and has been paid and/or has received all compensation, wages, bonuses, commissions, and/or benefits to which she may be entitled and that no other compensation, wages, bonuses, commissions and/or benefits are due to her, except as provided in this Agreement.

      c.     The parties acknowledge that this Agreement does not limit either party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Plaintiff agrees that if such an administrative claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

      d.     Plaintiff shall not apply in the future for employment with Defendant because of, among other things, irreconcilable differences with Defendant. This is a negotiated, non-retaliatory settlement term. Defendant shall provide a neutral verification

of Plaintiff's employment with Defendant to any prospective employer and such reference shall be limited to Plaintiff's job title and dates of employment.

6. **NO ADMISSION**. Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Defendant of any liability, unlawful conduct of any kind, or violation by Defendant of the laws identified in this Agreement.

7. **OPPORTUNITY TO REVIEW**. Plaintiff acknowledges that she is aware that she is giving up all claims for unpaid wages, overtime compensation, liquidated damages, and/or attorneys' fees for any alleged violations of the Fair Labor Standards Act and applicable Florida wage law that she may have against Releasees. Plaintiff acknowledges that she has been advised in writing to consult with an attorney and has had the opportunity to seek legal advice before executing this Agreement. In fact, Plaintiff acknowledges that she has consulted with Noah Storch, Esq. prior to executing this Agreement. Plaintiff acknowledges she enters into this Agreement voluntarily.

8. **WAIVER OF JURY TRIAL**. Plaintiff and Defendant hereby knowingly, voluntarily, and intentionally waive any right to a jury trial with respect to any claims arising in connection with this Agreement and/or the facts underlying Plaintiff's claims.

9. **SEVERABILITY**. Except as set forth below, should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

10. **VENUE AND GOVERNING LAW**. This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions. In the event of any action arising hereunder, venue shall be proper in any Florida court of competent jurisdiction. In the event that a party commences an action for damages, injunctive relief, or to enforce the provisions of this Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorneys' fees and all costs, including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

11. **AMENDMENTS**. This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which makes specific reference to this Agreement.

**PLAINTIFF ACKNOWLEDGES THAT SHE HAS NOT RELIED ON ANY REPRESENTATIONS, PROMISES, OR AGREEMENTS OF ANY KIND MADE TO HER IN CONNECTION WITH HER DECISION TO SIGN THIS AGREEMENT, EXCEPT THOSE SET FORTH IN THIS AGREEMENT.**

**THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE AGREEMENT, THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT, AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.**

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH "3" ABOVE, PLAINTIFF FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS SHE HAS OR MIGHT HAVE UNDER THE FAIR LABOR STANDARDS ACT AND APPLICABLE FLORIDA WAGE LAW AGAINST RELEASEES.**

**THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.**

Dated: March 1st, 2018

_Stephanie Martinez_
STEPHANIE MARTINEZ

Dated: __February 22__, 2018

**B & R, LLC**

By: _Robert Bateman_
Print name: _Robert J. Bateman_
Title: _Owner_